■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY CUTY and MARIE ROCKEFELLER, Appellants.— *Per Curiam.* The defendants herein appeal from judgments of conviction of the crimes of grand larceny, first degree and conspiracy, after trial by jury in the County Court of St. Lawrence County. The verdict of the jury finds ample support in the record and we find no merit in appellants' numerous assignments of error, a few of which are mentioned hereinafter. The defendants challenge the sufficiency of the Grand Jury minutes. A motion to examine such minutes was denied by the trial court and thereafter, as witnesses for the People testified and it became evident that they had been before the Grand Jury, copies of such testimony were afforded to the defendants. On this appeal we have examined what purports to be the Grand Jury minutes, although not certified, and denied to be the complete or true transcript by the District Attorney. Accordingly, we determine that the official Grand Jury minutes are not properly before the court and affirm the exercise of discretion by the trial court in denying the motion. We find that the trial court's statements of the rules governing the admission and

effect of circumstantial evidence were given with such clarity and accuracy that any possible confusion in regard to the requests to charge could not have resulted in prejudice to the defendants. In regard to the issue of flight, it appears that the court clearly left the fact issue to the jury and the court's remarks as to inferences which could be drawn from flight were, therefore, not prejudicial. In view of the fact that there was ample evidence of a conspiracy and the jury so found, there was no prejudice to the defendant Cuty in the refusal of the court to grant separate trials. Assuming that the court erred in excluding certain financial reports from evidence when offered by the defendants, it appears that the bulk of such reports was in fact placed in evidence through utilization by defendants' counsel on cross-examination. As to the charge of the " fruits of the crime ", the evidence shows that there were a series of deposits by the defendant Rockefeller in her bank account in excess of her salary and the rule of evidence was relevant but its importance was directly proportioned to the amount of the disparity, which in this case was relatively small. Under the circumstances, the charge by the court and the requests by counsel as charged were not prejudicial. Lastly, the supposed reference in summation by the District Attorney to defendants' failure to testify was equivocal at most and there is no showing by appellants that it resulted in prejudice. The other alleged errors we have considered and examined and we find that there is no violation of any constitutional guarantee nor were the substantial rights of the defendants so affected as to require a new trial. (See Code Crim. Pro., § 542; *People* v. *Fisher,* 249 N. Y. 419, 426; *People* v. *Mleczko,* 298 N. Y. 153, 162.) We find it necessary to observe that the brief of the appellant Cuty is rampant with innuendos, suggestions, accusations and his attorney's interpretation of the evidence within and without the record, which procedure is not condoned by this court and is a matter of concern in the proper administration of justice. Judgments affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.